UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Johnny Ray Chandler,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Civil Action No. 06-0664(PLF) |
| | ) |
| **District of Columbia et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**DEFENDANTS DISTRICT OF COLUMBIA AND MAYOR ANTHONY WILLIAMS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND ALL MOTIONS
CURRENTLY PENDING BEFORE THE COURT**

Defendants, Mayor Anthony Williams and the District of Columbia ("District"), by and through undersigned counsel and the Office of the Attorney General, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves that this Honorable Court dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted for the following reasons: 1) the Office of the Attorney General for the District of Columbia does not represent the Court Services and Offender Supervision Agency; 2) the plaintiff has not alleged any facts that indicate that his injury was caused by a policy or custom that a policy maker of the District approved, and therefore, cannot recover in a suit against the District pursuant to 42 U.S.C. § 1983; 3) the plaintiff has not alleged any District policy or custom that caused him injury and, therefore, cannot recover in a suit against the Mayor in his official capacity pursuant to 42 U.S.C. § 1983; 4) the plaintiff's complaint alleges no wrongdoing by Mayor Williams; 5) Mayor Williams is entitled to qualified immunity in a suit against him in his individual capacity; and 6) the plaintiff fails to state a claim in any of his motions to amend the complaint currently pending before the Court against the Mayor, the District, or any District employees.

A Memorandum of Points and Authorities is attached hereto. Because this is a dispositive motion, the Defendant is not required to seek the plaintiff's consent pursuant to LCvR 7.1(m).

<div style="margin-left:3em">

Respectfully submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III

_____/s/_____
JAMES H. VRICOS [474026]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6600
(202) 727-3625 (fax)
E-mail: James.Vricos@dc.gov

</div>

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 22, 2007, a copy of the foregoing Motion to Dismiss, Memorandum of Supporting Points and Authorities and proposed order was mailed postage prepaid to:

Johnny Ray Chandler
Pro se Plaintiff
F.C.C. Petersburg – Medium
P.O. Box 90043
Petersburg, VA 23804

                                               */s/*
                                  James H. Vricos
                                  Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Johnny Ray Chandler,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**District of Columbia et al.,** )<br>)<br>**Defendants.** )<br>_____) | Civil Action No. 06-0664(PLF) |

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING
DEFENDANT MAYOR ANTHONY WILLIAMS' MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AND ALL MOTIONS CURRENTLY PENDING BEFORE THE COURT**

Defendants, Mayor Anthony Williams and the District of Columbia ("District"), by and through undersigned counsel and the Office of the Attorney General, pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves that this Honorable Court dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted, and to deny all pending motions to amend the complaint and supplement the pleadings for the following reasons:

*BACKGROUND*

On December 22, 2006, the plaintiff, who is currently incarcerated, filed a *pro se* Complaint in the Superior Court of the District of Columbia, naming Mayor Anthony Williams, the District, the Court Services and Offender Supervision Agency ("CSOSA"), and three CSOSA employees as defendants.

On April 11, 2006, this case was removed to this Court. Since this removal, the plaintiff has filed several Motions to Amend the complaint and to Supplement the Pleadings (Docket Nos. 4, 7, 18, and 24.) In his Complaint and subsequent motions to amend, plaintiff alleges that

4

various CSOSA employees violated his rights under the Fifth, Fourteenth and Eighth Amendments to the United States Constitution. (Complaint at 2.) At various points in the plaintiff's Complaint and motions to amend, he also alleges several common law claims against CSOSA and its employees. These claims include, but are not limited to, harassment, conspiracy and false accusation. The plaintiff alleges, without reference to any legal authority, that CSOSA is a "subsidiary agency of the District of Columbia." (Complaint at 2.)

Taken as a whole, it appears that the plaintiff's complaint and various pleadings allege that actions taken by various CSOSA employees led to a violation of his rights. Specifically, he alleges that he was ordered by his Community Supervision officer to undergo a mental health assessment. He further alleges that he had to sign a form agreeing to have his parole supervision turned over to the District of Columbia's Sex Offenders Unit and that if he did not sign the form, his parole would be revoked and he would be placed on the G.P.S. System. (Complaint at 2.)

However, in his Complaint and subsequent motions to amend, the plaintiff describes no wrongdoing by the Mayor or any employee of the District of Columbia, no knowledge of or participation by the Mayor in any of the acts alleged in the Complaint, or any District of Columbia policy or custom that could give rise to any liability in this case.

On December 15, 2006, the Court issued a minute order directing the Defendants to answer or respond to the plaintiff's complaint and pending motions.

### *Standard of Review*

A motion to dismiss pursuant to Fed. R. Civ. P.12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant

therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery.  *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6).  *Id.*   The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations."  *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

Because the plaintiff has failed to state a claim upon which relief may be granted, his complaint against Mayor Anthony Williams and the District of Columbia should be dismissed in its entirety.

### *ARGUMENT*

**1.     THE OFFICE OF THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA DOES NOT REPRESENT CSOSA OR ITS EMPLOYEES.**

The plaintiff names former D.C. Mayor Anthony Williams, the District of Columbia, Court Services and Offender Supervision Agency ("CSOSA") and three individuals that are employed by CSOSA as defendants in this suit.  However, the Office of the Attorney General for the District of Columbia does not represent CSOSA. Nor does the District represent the individually named CSOSA employees as they are *federal* employees and not District employees.  *See* D.C. Code § 24-133(a) (Supp. 2005) ("There is established within the executive branch of the Federal Government the Court Services and Offender Supervision Agency for the District of Columbia…").  Indeed, the statute clearly indicates that the Office of the Attorney General only "provides litigation services" to D.C. Pretrial Services, an "independent entity"

within CSOSA. D.C. Code § 24-133(e)(1), (4) (Supp. 2005). Moreover, the statute expressly limits the District's obligations in cases not arising out of CSOSA's conduct:

> The District of Columbia shall defend any civil action or proceeding brought in any court or other official Federal, state, or municipal forum against the District of Columbia Pretrial Services Agency or the District of Columbia or its officers, employees, or agents, and shall assume any liability resulting from such an action or proceeding, if the action or proceeding arises from the activities of the District of Columbia Pretrial Services Agency prior to the date on which the Offender Supervision, Defender and Courts Services Agency assumes its duties.

D.C. Code § 24-133(e)(3) (Supp. 2005). D.C. Code § 24-133(a) indicates that CSOSA "shall assume its duties not less than one year or more than three years after August 5, 1997." D.C. Code § 24-133(a) (Supp. 2005). Since the relevant acts described in the instant complaint occurred after August 5, 2000, and are not acts by Pretrial Services employees, the Office of the Attorney General is not responsible for representation of (nor is the District liable for) CSOSA or its employees. Upon information and belief, the United States' Attorney's Office for the District of Columbia represents CSOSA and the named CSOSA employees.

**2.    THE PLAINTIFF'S COMPLAINT HAS NOT ALLEGED ANY FACTS THAT STATE THAT HIS INJURY WAS CAUSED BY A POLICY OR CUSTOM OF THE DISTRICT OF COLUMBIA.**

As explained in *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978) the District can be held liable for the plaintiff's constitutional claims only if the plaintiff alleges facts that state that his injury was caused by a policy or custom that a policymaker of the District approved. *See also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). According to *Monell*:

> … a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983."

7

436 U.S. at 694.

The Supreme Court further held in *Oklahoma City* that, "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City*, 471 U.S. at 824. The *Oklahoma City* decision interpreted *Monell* as holding that "municipal liability should not be imposed *when the municipality was not itself at fault*." *Id.* at 818 (emphasis added).

Since the seminal *Monell* ruling, courts have developed three different types of proof that can establish such municipal liability. First, a plaintiff can satisfy the *Monell* requirements by setting forth direct evidence that the municipality adopted an unconstitutional policy. This can be done by pointing to a formally adopted policy—such as a statute or regulation—that violates the constitutional rights of the individual. *Monell*, 436 U.S. at 694. Direct evidence of a municipal policy also can be proven by an unconstitutional decision or action taken by an official policymaker of the municipality. *Pembaur v. City of Cincinatti*, 475 U.S. 469, 480-81 (1986).

If there is no direct evidence of an unconstitutional municipal policy, a plaintiff still can establish municipal liability if he can provide sufficient circumstantial evidence that the municipality had informally adopted an unconstitutional policy. This is a much more difficult burden to prove. In this manner, a plaintiff must be able to provide evidence that municipal policymakers were deliberately indifferent to constitutional violations performed by municipal employees. This generally can be shown by specific statistical evidence, or by setting forth a series of similar incidents that were known to municipal officials, but not addressed or resolved by those officials. *Carter v. District of Columbia*, 795 F.2d 116, 124-126 (D.C. Cir. 1986).

Finally, a plaintiff may be able to prove municipal liability by showing that the municipality failed to adequately train its employees. To satisfy such a standard, a plaintiff must

provide evidence that officials knew or should have known of a specific training need, that failure to address that need was likely to result in violation of individual constitutional rights, and that the officials were deliberately indifferent to the need for such training. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

Furthermore, once a plaintiff has proven—by any of the above methods—that a municipality has adopted a policy or custom of violating constitutional rights, the plaintiff still must prove that the policy or custom caused the constitutional injury in question. *Oklahoma City*, 471 U.S. at 823. The plaintiff must prove that the policy was the "moving force" behind the alleged constitutional violation. *Id.*

Here, even with all reasonable inferences taken in favor of the plaintiff, the allegations presented in the complaint fall far short of establishing a municipal policy or custom. In fact, the plaintiff does not identify any custom or policy of the District of Columbia. Moreover, the plaintiff cannot satisfy this standard by alleging misconduct of CSOSA employees because they are federal employees, not District employees. (D.C. Code § 24-133 (2006).) Finally, the plaintiff has not alleged that he suffered any injuries that were caused by any District custom or policy. As such, the plaintiff cannot recover in a suit against the District pursuant to 42 U.S.C. § 1983.

3. **PLAINTIFF'S CLAIMS AGAINST MAYOR WILLIAMS IN HIS OFFICIAL CAPACITY MUST BE DISMISSED BECAUSE HE HAS NOT ALLEGED ANY DISTRICT POLICY OR CUSTOM THAT CAUSED HIM INJURY.**

Assuming Mayor Williams was sued in his official capacity, any constitutional claim would be subject to dismissal for failure to alleged an unconstitutional policy or custom. A suit against Mayor Williams is equivalent to a suit against the District itself. *See Atchinson v.*

*District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (internal citations omitted) ("When sued in their official capacities, government officials are not personally liable for damages … A section 1983 suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself."). As such, the plaintiff cannot recover in a suit against the Mayor in his official capacity pursuant to 42 U.S.C. § 1983.

4. **THE PLAINTIFF'S COMPLAINT ALLEGES NO WRONGDOING BY MAYOR WILLIAMS.**

Plaintiff's Complaint identifies several incidents involving CSOSA employees and other federal parties. Significantly, however, the plaintiff does not allege that Mayor Williams had any involvement in the particular circumstances that form the basis of his complaint. Nor does he allege that Mayor Williams had any knowledge about the actions of the federal employees. In fact, other than the case caption, the complaint does not again mention Mayor Williams. Therefore, Mayor Williams is not a proper defendant in this case, and all claims against him must be dismissed.

5. **MAYOR WILLIAMS IS ENTITLED TO QUALIFIED IMMUNITY IN A SUIT AGAINST HIM IN HIS INDIVIDUAL CAPACITY.**

Alternatively, if plaintiff's complaint is to be read as a suit against Mayor Williams in his individual capacity, Mayor Williams is entitled to qualified immunity. *See Barham v. Ramsey*, 434 F.3d 565, 572 (D.C.Cir.2006) (internal citations omitted) ("Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"). The Supreme Court outlined its two-part test for examining claims of qualified immunity:

> A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [Mayor's] conduct violated a constitutional right? … If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.

*Saucier v. Katz*, 533 U.S. 194, 201 (2001) (internal citations omitted).

Here, in the absence of *any* facts describing Mayor Williams' participation in—or even awareness of—any of the acts of other individuals described in the Complaint, the Court cannot answer the threshold question in the affirmative. Furthermore, even if the plaintiff had alleged that the Mayor knew of the circumstances alleged in his complaint, those circumstances do not show a violation of a "clearly established" right. Accordingly, the plaintiff cannot recover in a suit against the Mayor in his individual capacity as a matter of law.

### 6.     NONE OF PLAINTIFF'S MOTIONS TO AMEND THE COMPLAINT CURRENTLY PENDING BEFORE THE COURT STATE A CLAIM AGAINST THE MAYOR, THE DISTRICT, OR ANY DISTRICT EMPLOYEE.

As with his complaint, the plaintiff fails allege any wrongdoing on the part of the Mayor or any District employee, either in their individual or official capacity, in any of his motions to amend or correct the complaint currently pending before the Court. A motion to dismiss pursuant to Fed. R. Civ. P.12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). Here, the plaintiff has not alleged any facts tending to show wrongdoing by the Mayor or any other District employee, therefore, his pending motions to amend the complaint should be denied.

WHEREFORE, Defendants Mayor Anthony Williams and the District of Columbia respectfully request this Court dismiss the plaintiff's complaint and deny all of plaintiff's motions currently pending before the Court.

Respectfully submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III

_____/s/_____
JAMES H. VRICOS [474026]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6600
(202) 727-3625 (fax)
E-mail: James.Vricos@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Johnny Ray Chandler,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 06-0664(PLF) |
| ) | |
| **District of Columbia et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**ORDER**

Upon consideration of Defendants' Motion to Dismiss, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the record herein, it is, this _____ day of _____, 2007;

ORDERED that Defendants District of Columbia and Mayor Anthony Williams' Motion to Dismiss is hereby GRANTED; and it is

FURTHER ORDERED that the plaintiff's complaint is DISMISSED,

FURTHER ORDERED that the plaintiff's pending Motions to Amend Complaint and Supplement the Pleadings (Docket entries 4, 7, 18, and 24) are DENIED

_____
PAUL L. FRIEDMAN
UNITED STATES DISTRICT COURT JUDGE

Copies to:

Johnny Ray Chandler
Pro se Plaintiff
F.C.C. Petersburg – Medium
P.O. Box 90043
Petersburg, VA 23804

Via electronic filing:

James H. Vricos, Esq.
Mercedeh Momeni, Esq