**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHNNY RAY CHANDLER, SR.** )<br>)<br>)<br>**Plaintiff** )<br>v. )<br>)<br>)<br>**ANTHONY WILLIAMS, et al.,** )<br>)<br>**Defendants.** )<br>) | Civil Action No. 06-0664 (PLF)<br>(ECF) |

**FEDERAL DEFENDANTS' OPPOSITION**
**TO MOTION TO HOLD CASE IN ABEYANCE**

**Introduction**

Federal Defendants hereby oppose Plaintiff's Motion to Hold in Abeyance, (Dkt. No. 39), as Federal Defendants' Motion to Dismiss or in the Alternative for Summary Judgment ("Dispositve Motion")(Dkt. Nos. 32 and 35), filed on February 20, 2007, is pending and must be opposed by Plaintiff, pursuant to Fed. R. Civ. P. 1. *See also* Fed. R. Civ. P. 1 and 56(e), and *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988)("pro se party may lose if he fails to respond to a dispositive motion"); Local Rule 56.1 ("the court may assume that facts identified by the moving party in its statement of facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."). Furthermore, simply because Plaintiff has requested that Congress grant a waiver of sovereign immunity does not automatically indicate that this litigation should be halted, because even in the unlikely event that Congress grants Plaintiff's request, there is no indication that Federal Defendants' Dispositive Motion would not be granted on other grounds.

**<u>Argument</u>**

To date, Plaintiff has not filed an opposition to Federal Defendant's Dispositive Motion. *See* Dkt. *generally*. Even if the Court were to consider Plaintiff's "Request for Case to be Held in Abeyance," filed on March 12, 2007,[1] as a response, it was filed six days after the passing of the deadline to file an opposition. Fed. R. Civ. P. 5 and 6(a). Accordingly, Federal Defendants' Dispositive Motion should be granted. Furthermore, Plaintiff acknowledges that Federal Defendants have filed a Motion for Summary Judgment, but states that the case should be held in abeyance because he is "in the process of attempting to obtain a Waiver of Sovereign Immunity from the Congress of the United States." *See* Dkt. No. 39 at 2.

As a general matter, the government may not be sued absent a statutory waiver of its sovereign immunity and without such a waiver, the Court lacks subject matter jurisdiction. *See Lane v. Pena*, 518 U.S. 187, 192 (1996). Here, Plaintiff has not cited to a statute that creates a cause of action permitting Plaintiff to sue federal employees or agencies. Accordingly, Congress will not likely grant a waiver of sovereign immunity, that would create subject matter jurisdiction in this case.

Furthermore, pursuant to Fed. R. Civ. P. 1, Federal Defendants are entitled to an expeditious resolution of the case. Accordingly, this litigation should not be held in abeyance, even in the highly unlikely event that Congress somehow grants Plaintiff's request. In his Motion, Plaintiff does not address Federal Defendants' arguments regarding a lack of jurisdiction and Plaintiff's failure to exhaust his administrative remedies, although he acknowledges that the arguments have been made. *See generally* Dkt. No. 39. Because these questions will likely be resolved in the Federal Defendants' favor, Plaintiff's Motion to Hold the

---

[1] The Motion was received, via ECF on March 21, 2007.

Case in Abeyance should be denied.

## Conclusion

WHEREFORE, Federal Defendants request that Plaintiff's Motion be denied and that Federal Defendants' Motion to Dismiss or in the Alternative for Summary Judgment be granted. Alternatively, the parties should be ordered to continue the briefing schedule in response to and in support of Federal Defendants' Dispositve Motion.

Dated March 27, 2007.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

\_\_\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2007, I caused the foregoing *Opposition to Plaintiff's Motion* to be served on parties of record via ECF and *pro se* plaintiff, postage prepaid, addressed as follows:

**JOHNNY RAY CHANDLER, SR.**
**R11977-007**
**PETERSBURG FEDERAL CORRECTIONAL CENTER**
**Medium**
**P.O. Box 90043**
**Petersburg, VA  23804**

      /s/
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, NW
Civil Division
Washington, DC 20530
(202) 305-4851
(202) 514-8780 (facsimile)