UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHNNY RAY CHANDLER, SR.** )<br>)<br>)<br>**Plaintiff** )<br>     v. )<br>)<br>)<br>**ANTHONY WILLIAMS, et al.,** )<br>)<br>**Defendants.** )<br>_____) | Civil Action No. 06-0664 (PLF)<br>(ECF) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**FOURTH MOTION TO AMEND HIS COMPLAINT**

**Introduction**

Defendant, the United States of America, hereby opposes Plaintiff's fourth Motion to Amend the Complaint and Supplement the Pleadings. On or about August 9, 2006, Plaintiff filed the instant motion to amend his Complaint. *See* Motion to Amend, Dkt. No. 24. He alleges that he was unjustifiably denied access to the building in which Court Services and Offender Supervision Agency ("CSOSA") and the Public Defender Service ("PDS") are both located, by Mr. Paul Quander, Jr.,[1] CSOSA's Director. Plaintiff indicates that his First Amendment rights were violated and the purported denial of entry into the building constitutes the "tort of malicious interference".[2] Dkt. No. 24, at 1 and 6. (Page numbers cited herein, refer to the ECF

---

[1] Attached hereto is a Mr. Rudolph Contreras' certification, to effectuate the substitution of the United States for Mr. Quander. *See* Exh. 1, *Westfall* Certification. *See Westfall v. Erwin*, 484 U.S. 292 (1988).

[2] Plaintiff's claim of "malicious interference" is offered without citation to any law. Insofar as Plaintiff maybe alluding to the tort of malicious interference, as applied to contractual obligations, this situation does not involve a contract. If Plaintiff attempts to allege interference with access to the court, those claims are meritless, as explained *supra*, in the Argument Section, part II.

stamped numbers on the top of each page, as Plaintiff does not number his pages.)

Plaintiff should not be permitted to amend his Complaint for the fourth time,[3] having failed to certify that his newly lodged allegations meet the criteria mandated by the Hon. Judge Gladys Kessler's Memorandum and Opinion in *Chandler v. D.C. Dept. of Corr.*, Civil Action Number 95-2366 (D.D.C. March 10, 1996) and because his allegations are wholly without merit.[4]

### Factual Background

Prior to August 2006, Plaintiff made frequent and unannounced visits to CSOSA's Office of General Counsel ("OGC"), where he would demand immediate answers to his questions, *inter alia*. *See* Exh. 3, October 31, 2006 Rodriguez Letter, and Exh. 4, E-mail Exchanges Between Ms. Rodriguez and Security Personnel. This caused "concomitant disruption to the normal flow of business and [to the] workload of staff members in the office . . . ." Exh. 3, p. 1. As a result, Mary Rodriguez, the former General Counsel to CSOSA,[5] advised the Security Office that Plaintiff should not be admitted to CSOSA's office without an appointment. *Id*.

On or about August 4, 2006, Plaintiff entered 633 Indiana Avenue, Washington, D.C. Motion to Amend, Dkt. No. 24 at 2. This building houses both the offices of CSOSA and PDS.

---

[3] This attempt could be deemed Plaintiff's fifth attempt to amend his Complaint, because Plaintiff's allegations filed in Civ. Action No. 06-1314 are rooted in the same set of facts, as the instant Complaint.

[4] By filing this opposition, Defendant does not waive any rights it may have pursuant to the Federal Rules of Civil Procedure. Indeed, should the Court grant Plaintiff's fourth Motion to Amend, Defendant intends to file a dispositve motion because Plaintiff fails to state a claim upon which relief can be granted and this Court is without jurisdiction over Plaintiff's claims that have not been administratively exhausted and those for which the government has not waived sovereign immunity. Fed. R. Civ. P. 12(b)(1) and (b)(6).

[5] Plaintiff's suggestion that Mr. Quander ordered his alleged ban from the building is based on his misunderstanding of the situation.

*Id.* at 2 and 3.  Plaintiff identified himself by name and advised the building's security personnel that he was there to deliver a document to CSOSA's General Counsel's office.  *Id*. at 3.  Plaintiff also claims that he informed security that he was there to "see [his] attorney".[6]  *Id*.  Plaintiff conveniently fails to inform the Court that on the day in question a member of the CSOSA staff in fact met Plaintiff in the lobby of the building and accepted service of his documents.  *See* Exh. 2*,* Declaration of Gregory Smith ¶¶ 1-4.  Furthermore, Plaintiff did not inform the CSOSA staff that he may have been interested in meeting with PDS attorneys.  *Id*. ¶ 5.

      Upon receipt of a memorandum from Plaintiff, dated August 5, 2006 (*see* exhibit attached to Dkt. No. 24), Ms. Rodriguez conducted an investigation into his allegations regarding the purported denial of access to his PDS attorney in the building.  *See* Exh. 3.  She concluded that Plaintiff did not inform security personnel or the OGC staff member, with whom he met that day, of his "interest or intent to meet with a PDS attorney on that day."  *Id*.  Additionally, security personnel advised Ms. Rodriguez that Plaintiff had never been stopped "from entering the building so long as he ha[d] a PDS or CSOSA appointment."  *See* Exh. 4, p. 1.  By letter dated October 31, 2006, Ms. Rodriguez informed Plaintiff of her conclusions and advised him that ". . . if you had communicated to security personnel (or even the staff member who met with and received paperwork from you) that day of your intent to meet with the PDS attorney, security staff would have notified the PDS attorney by telephone of your intended visit and, if approved, would have accompanied you to the attorney's office."  *Id*.

---

[6] Plaintiff claims that he was represented by PDS at the time in question, but it remains unclear when PDS attorneys actually began to represent him.  *See* Dkt. No. 24, generally.

**Argument**

**I. Plaintiff Has not Met the Certification Requirements in Judge Kessler's Decision.**

In 1996, Plaintiff was certified as a prolific filer, and barred from filing civil actions without leave of Court. *See Chandler v. D.C. Dept. of Corr.*, Civil Action Number 95-2366 (D.D.C. March 10, 1996). To seek leave to file, Plaintiff is required to "certify that his claims have never before been raised and disposed of on the merits. He must also certify that the claims are not frivolous or harassing." *Id*. at 9. In response to the Court's April 27, 2006 Order (*see* Dkt. No. 8), Plaintiff filed a certification on May 4, 2006, but none since. Therefore, the allegations in the instant Motion to Amend, filed on August 9, 2006, remain uncertified. *See* Dkt. generally.

**II. Plaintiff's Allegations Are Without Merit.**

As the attached declaration and other exhibits prove, Plaintiff's most recent allegations are frivolous and ostensibly brought to harass. *See* Exhs. 3 and 4. Plaintiff alleges that, due to a ban placed upon his entry into the building, he was unable to serve his documents upon Messrs. Kiely and Campos, and further denied access to PDS attorneys. *See* Dkt. No. 24 at 3. Plaintiff was not denied an opportunity to serve additional documents on CSOSA's staff, because Mr. Smith met with Plaintiff and accepted service of his documents on August 4, 2006. *See* Exh. 2 ¶ 4. Further, there is no evidence that he was denied access to PDS, per Mr. Smith and the security staff. *Id*. ¶ 5 and Exh. 4 (Aug. 21, 2006 E-mail). Indeed, it was Plaintiff's continual, unannounced visits, causing disruptions to the flow of work at OGC, that lead to Ms. Rodriguez's decision to prohibit Plaintiff's admittance to CSOSA's office without an appointment. *See* Exh. 4. Because Plaintiff can offer no evidence that his rights were violated, he should not be permitted to amend his Complaint, yet again.

**Conclusion**

WHEREFORE, Defendant requests that Plaintiff's Motion to Amend the Complaint and Supplement the Pleadings be denied.

Dated April 16, 2007.

                                                    Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

\_\_\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C. 20530

*Of Counsel:*
Stephen Arthur Bailey, Esq.
CSOSA, General Counsel's Office
633 Indiana Avenue, NW
Washington, D.C. 20004

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2007, I caused the foregoing *Opposition to Plaintiff's Motion* to be served on parties of record via ECF and *pro se* Plaintiff, postage prepaid, addressed as follows:

**JOHNNY RAY CHANDLER, SR.**
**R11977-007**
**PETERSBURG FEDERAL CORRECTIONAL CENTER**
**Medium**
**P.O. Box 90043**
**Petersburg, VA  23804**

                                          /s/
                                  MERCEDEH MOMENI
                                  Assistant United States Attorney
                                  555 4th Street, NW
                                  Civil Division
                                  Washington, DC 20530
                                  (202) 305-4851
                                  (202) 514-8780 (facsimile)