

# Court Services and Offender Supervision Agency
## for the District of Columbia

*Office of the Director*
*General Counsel*

October 31, 2006

Johnny Ray Chandler, Sr.
1901 D Street, S.E.
Washington, D.C. 20003

Dear Mr. Chandler:

    This is in reference to your memorandum, dated August 5, 2006, to Mr. Paul A. Quander, Director, Court Services and Offender Supervision Agency of the District of Columbia (CSOSA), in which you allege that on August 4, 2006, you were denied access by a United States marshall to CSOSA's Office of General Counsel (OGC) and also access to your attorney in the Parole Division of the Public Defender Service (PDS) for the District of Columbia in the same building at 633 Indiana Avenue, N.W., Washington, D.C. Mr. Quander has requested that I respond to the allegations raised in your memorandum.

    Your allegations have been carefully examined and, as discussed below, have been found to be without merit. As a result of frequent, unannounced visits by you to see me and/or other staff members in the Office of General Counsel on the 12th floor of CSOSA headquarters at 633 Indiana Avenue, N.W., Washington, D.C., and the concomitant disruption to the normal flow of business and workload of staff members in the office on such occasions, I advised the Security Office that you should not be admitted to CSOSA without an appointment. Accordingly, when you attempted to visit the Office of General Counsel on or about August 4, 2006, you were met by a staff member who did accept paperwork from you but informed you that if you wished to visit the Office of General Counsel in the future, you would have to make an appointment.

    With respect to the allegation of denial of access to your PDS attorney at the same address at 633 Indiana Avenue, if you had communicated to security personnel (or even the staff member who met with, and received paperwork from you) that day of your intent to meet with the PDS attorney, security staff would have notified the PDS attorney by telephone of your intended visit and, if approved, would have accompanied you to the attorney's office. However, our review of your allegation and surrounding facts indicate that you did not inform security personnel or the OGC staff member of your interest or intent to meet with a PDS attorney on that day. Thus, this allegation is also without merit.

GOVERNMENT EXHIBIT 3

In view of the foregoing, I trust that this letter fully responds to your memorandum.

Sincerely,

*Mary D. Rod* [signature]

Mary D. Rodriguez
General Counsel