United States District Court
for the District of Columbia

Civil Division

Johnny Ray Chandler, Sr.,

    Plaintiff,

    V.    Civil Action No. 06-cv-664 (P.L.F.)

Anthony Williams, et al.,

    Defendants,

RECEIVED
MAY 1 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Plaintiffs' Rebuttal to The Defendants Opposition To Plaintiffs Motion To Amend the Complaint

Plaintiff, Johnny Ray Chandler, Sr. Proceeding Pro-Se, hereby rebutts the Defendants opposition to his Amendment of the above Complaint.

A.    Introduction

Herein this Claim which is presently before the Court. On or about August 4, 2006, I, Plaintiff

had an appointment with my Attorney, Ms. Olinda Moyd, Director of the Public Defenders Service, Parole Division. Also, being that I was going to see my Attorney, Ms. Moyd. I had a document to be given to the Director of CSOSA, Mr. Paul A. Quander Jr. So, I took the document with me.

B.     Factual Background

Here in this area the Defendants are and have provided this Court knowingly with false information. In an attempt to pursuade and manipulate this Court. The Defendants alleged that a Mr. Gregory Smith, Manager for CSOSA met me in the lobby. I begg this Courts foregiveness but, the Defendants have not told this Court the truth.

When I arrived in the lobby of 633 Indiana Avenue. After clearing the Metal Detector. I asked the U.S. Marshal that was in the lobby, "What floor was the CSOSA General Counsels Office?" He asked me my name? I gave him my full name; "Johnny Ray Chandler, Sr." Then, he told me that I was barred out of the building. I told him that I had an appointment with my Attorney, Ms. Olinda Moyd, Dir. of the Parole Division of the Public Defenders Service. I also informed him that I had a document to deliver to the Office of the General Counsel for CSOSA. He told me that I was not allowed to go up stairs without an escort. I asked him, "By who's

Orders?" He told me by Order of the Director of CSOSA Mr. Paul A. Quander, Jr. Then I reminded him that I have an appointment with my Attorney, Ms. Olinda Moyd, Esquire. Then he said that he would call Ms. Moyd to verify my appointment. When he called Ms. Moyd, She confirmed my appointment with her. So, the U.S. Marshal told Ms. Moyd that she would have to either come to the lobby herself and escort me up to her office or send one of her staff members to the lobby to escort me up to her office. Then he told her that I would also have to be escorted back down to the lobby, and out the building. So, Ms. Moyd sent one of her Intern lawyers to the lobby to meet me. This can and will be confirmed by Ms. Moyd.

B.          First Amendment

By Mr. Quander, Dir. of CSOSA issueing an Order barring me out of the building, He denied me access to the Court. Which is a violation of my First Amendment Right of Access to the Court. (citation omitted)

C.          EQUAL TREATMENT

Under the Equal Treatment Clause of the Fourteenth Amendment, It mandates that all personson simuallary situated should be treated Equally.

Here in this Amendment. Which is presently pending before this Court. Plaintiffs' Right to Equal Treatment was maliciously and sadisticly violated. Because, during the time of the violation I, Plaintiff was a Free citizen of the District of Columbia. But, I was not treated like the rest of the citizens that visit that building. They are allowed to come and go at will to any floor of the building at 633 Indiana Ave., N.W. But, I was singled out and told that I had to be escorted up stairs. Which is a serious violation of my Right to Equal Treatment under the Fourteenth Amendment.

D.  Certification Requirements

— Here in this section, Id. at 4(1) Defendants stated that in 1996 Judge, Kessler barred this Plaintiff from Filing.

1.  Argument

If this Court would closely examin the Record. This Court will clearly see that the Order that was issued by Judge, Kessler was issued pursuant to 28 U.S.C. 1915(g). Based on the language used in that statute, Plaintiffs Complaint and this Amendment are not applicable to that Order. Because, 28 U.S.C 1915(g) in pertinent part states as follow:

## 28 U.S.C. 1915 (G)

"Whenever a prisoner confined in any prison or institution files three (3) or more claims which are deemed frivolous or harassing. The Court may bar that person from filing informa Pauperis status."

As I stated earlier in this Motion, 28 U.S.C. 1915(g) is not applicable to this Claim or this Amendment. Because, the issues raised in the Complaint has nothing to do with Plaintiffs' incarceration. Plus at the time that the Complaint was filed. Plaintiff was not confined in any prison or institution. I, Plaintiff was at the time, on Parole.

Wherefore, in the interest of Justice, I, Plaintiff respectfully move this honorable Court to deny the Defendants opposition to the Plaintiff Motion to Amend the Complaint, and Grant this Plaintiffs Motion to Amend the Complaint.

Respectfully Submitted,

Johnny Ray Chandler

## Certificate of Service

I, hereby certify that a true and correct copy of the foregoing Rebuttal Motion and Certificate of Service, were mailed, U.S. First Class Mail, postage pre-paid, On this 4th day of May, 2007 To:

CC: Mr. Mercedeh Momeni
Asst. U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20001

Respectfully Submitted,

Johnny Ray Chandler, Sr.

Plaintiff - Pro-Se
Fed. Res. No 11977-007
FCC Petersburg - Medium
P.O. Box 90043
Petersburg, Va. 23804