UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY RAY CHANDLER, SR., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 06-0664 (PLF) |
| | )          (ECF) |
| ANTHONY WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Federal Defendants, the United States of America, the United States Parole Commission ("USPC" or the "Commission"), and Court Services and Offender Supervision Agency ("CSOSA"), hereby submit the following reply in support of their Motion to Dismiss or in the Alternative for Summary Judgment against Plaintiff's Complaint and his subsequent motions to amend (*see* USDC Pacer Doc. Nos. 1 (Complaint), as well as 4, 7, and 18 (motions to amend complaint)).[1]  Plaintiff's Opposition brief ("Opposition") offers no substantive reply to Federal Defendants' arguments that the Court lacks subject matter jurisdiction over Plaintiff's tort claims and Plaintiff fails to state a claim upon which relief may be granted for his remaining allegations. *See* Opp. Doc. No. 45, generally. Furthermore, Plaintiff made no mention, let alone offer arguments against his failure to perfect service on Federal Defendants.

In addition, Plaintiff did not heed Federal Defendants' warning that factual assertions contained in the opening brief and supporting exhibits would be accepted as true unless the Plaintiff submitted his own affidavit or other documentary evidence contradicting the assertions

---

[1] The moving papers addressed document numbers 1, 4, 7 and 18. Federal Defendants later filed an Opposition to Plaintiff's fourth Motion to Amend (document number 24), in which Plaintiff attempted to add Mr. Paul Quander, Jr. as a defendant.

1

therein. *See* Opening Brief, Doc. No. 14 at 1-2, citing *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992). Finally, Plaintiff has not responded to Defendants' Statement of Material Facts Not in Dispute, as required by Federal Rule of Civil Procedure 56(e) and Local Civil Rule 7(h). Accordingly, Federal Defendants are entitled to judgment as a matter of law.

## I.  THERE ARE NO DISPUTED GENUINE ISSUES OF MATERIAL FACT.

Plaintiff's Opposition does not comply with Local Civil Rules 7(h) and 56.1, failing to respond to Federal Defendants' Statement of Material Facts Not in Dispute ("SMF"), as required. *See generally*, USDC Pacer Doc. No. 20. He does not provide the Court with a statement of genuine issues in dispute. *Id*. Plaintiff's Opposition brief fails to raise a genuine issue of material fact in dispute, and fails to establish that Federal Defendants' articulated reasons for his placement for supervision by the sex offender unit and CSOSA's and USPC's subsequent actions are without merit. Accordingly, all factual assertions in the SMF should be deemed admitted. *Cf. Twist v. Meese*, 854 F.2d 1421 (D.C. Cir. 1988), *cert. denied* 490 U.S. 1066 (1989).

## II.  PLAINTIFF'S CONSTITUTIONAL CLAIMS ARE WITHOUT MERIT AND MUST BE DISMISSED.

The only issue Plaintiff seems to attempt to address in his Opposition is his allegation that he was denied procedural due process as mandated by the Fifth and Fourteenth Amendments of the United States Constitution. *See* Opp. at 3. He claims that he was simply "ordered to report to the CSOSA Sex Offender Unit" and "was never given a chance to be heard." *Id*. at 4. Despite having clarified his position with regard to his Fifth and Fourteenth Amendment allegations, Plaintiff continues to fail to state a valid constitutional claim against Federal Defendants. Plaintiff's complaints about the modification of his parole conditions by USPC and CSOSA, without a hearing, are invalid because no formal hearing is required. *See* 28 C.F.R.

Section 2.85 (USPC) and 28 C.F.R. Part 811 (CSOSA). Further, the Commission's and CSOSA's actions were based on a legitimate governmental interest in keeping the public safe from further crimes.

> A.  **The Regulations Do Not Require a Hearing for the Imposition of Additional Conditions on Parolees.**

Plaintiff has failed to allege facts that would form a basis for a finding that he was deprived, by the Federal Defendants, of rights, privileges and immunities secured by the Constitution or laws of the United States. CSOSA rightfully recommended and the Commission has lawfully imposed the Special Sex Offender Aftercare condition in Plaintiff's case. *See* Opening Brief, Exhs. 4 and 6. This condition was imposed based on information gathered by Plaintiff's Community Supervision Officer ("CSO") and a psychologist who determined that Plaintiff was at risk of committing sexual violence.

Under the Commission's regulations for D.C. Code offenders, USPC may impose a special condition other than one of the general conditions of release ". . . if the Commission determines that such condition is necessary to protect the public from further crimes by the releasee and provide adequate supervision of the releasee." 28 C.F.R. Section 2.85(b). Additionally, USPC "may at any time modify or add to the conditions of release . . ." if it determines that such modification or addition is necessary to protect the public from further crimes. *See* 28 C.F.R. Section 2.85(c) (cross reference 28 C.F.R. Section 2.204(c)). No hearing is mandated for adding special conditions or modifying the terms and conditions of parole, although, unless waived, the "releasee shall be notified of the proposed modification or addition and, unless waived, shall have 10 days . . . to comment on the proposed modification." *See* 28 C.F.R. Section 2.85(c)(2)(i) (cross reference 28 C.F.R. Section 2.204(c)). Plaintiff was notified

of the impending change and waived the 10-day waiting period on December 20, 2005. *See*

Parole Form F-1, Exh. A, attached hereto. Plaintiff had the choice to object, but did not. *Id.*

> **B.    The Challenged Condition is Reasonably Related to a Legitimate Governmental Interest.**

Preliminarily, it should be noted that Plaintiff has limited due process rights as a parolee. *See Morrissey v. Brewer*, 408 U.S. at 478. There are well-established guidelines enunciated by federal courts in considering whether to impose a condition upon the supervised release of an offender. As articulated in *United States v. York*, 357 F.3d 14, 20 (1st Cir. 2004), a condition may be imposed if "reasonably related" to

> (1) the defendant's offense, history, and characteristics; (2) the need to deter the defendant from further criminal conduct; (3) the need to protect the public from further crimes by the defendant; and (4) the effective educational, vocational, medical, or other correctional treatment of the defendant.

(internal quotations and citations omitted). CSOSA employed guidelines that have, as their underpinnings, considerations similar to these guidelines in making its recommendation to USPC about Plaintiff.

When Congress enacted the Revitalization Act, it provided CSOSA with broad authority to institute supervisory tools deemed necessary to protect the public, prevent further criminal activity, and promote the rehabilitation and reintegration of offenders into society. *See* D.C. Code § 24-133(c); 111 Stat. 748, Pub. Law 105-33 § 11233. In fact, it gave the supervisory officers of the Agency "the same powers and authority as are granted by law to United States Probation and Pretrial Officers." *Id.* Thus, when CSOSA exercises that authority in assigning the supervision of offenders to special supervisory units in accordance with these criteria articulated above, it acts consistent with these Congressional aims and goals.

Any suggestion by Plaintiff that imposition of sex offender aftercare conditions on an offender who has never been convicted of a sex offense may be unlawful is misplaced. In the case of *United States v. Prochner*, 417 F.3d 54 (1st Cir. 2005), the court faced the similar question of whether a special condition of mandatory participation in a sex offender program can be imposed if the offender has never been convicted or charged with a sex-related offense. *Id*. at 62-63. According to the court, the fact that the special condition of sex offender treatment is not related to the crime of conviction does not, by itself, render such a condition invalid. *Id.* at 63. Instead, the "critical test" is whether "the challenged condition is sufficiently related to one or more of the permissible goals of supervised release." *Id.* In *Prochner*, the circuit court upheld the special condition. By analogy, the fact that Plaintiff has never been convicted or charged with a sex offense does not automatically preclude his assignment to, and supervision by, CSOSA's sex offender unit. As the court indicated in *Prochner,* other facts and circumstances may be present and if so, they may well compel such an assignment, especially where it would be "reasonably related" to the goals of rehabilitation and protection of the public.

In this case, Federal Defendants have a statutory responsibility to ensure that the public is protected from further crimes of violence by Plaintiff. *See* D.C. Code Section 24-404 and Section 131(c); *White v. Hyman*, 647 A.2d 1175 (D.C. 1994)("public safety" is a legitimate concern under D.C. law). The Commission's imposition of the Special Sex Offender Aftercare condition is clearly rational, based on Dr. Brodie's and CSOSA's recommendations and given the record filed under seal. *See* Doc. No. 34. Plaintiff's need for sex offender treatment was established following a psychosexual risk assessment in which the psychologist concluded that Plaintiff is at high risk for perpetrating sexual violence, after certain females in the community forwarded recently sent, disturbing letters from Plaintiff, at least one of which contained threats.

5

*See* Opening Brief, Exh. 5.  Interestingly, Plaintiff does not deny sending any such letters.  *See* Opp. generally.  Therefore, Federal Defendants had a legitimate interest in placing Plaintiff under the supervision of the sex offender unit and engaging in the appropriate subsequent conduct.

## CONCLUSION

Accordingly, for all the foregoing reasons and those stated in Federal Defendants' opening brief, Plaintiff's claims against Federal Defendants should be dismissed with prejudice.

Respectfully submitted,

_____/s/_____
Jeffrey A. Taylor (D.C. Bar # 498610)
United States Attorney

_____/s/_____
Rudolph Contreras (D.C. Bar # 434122)
Assistant United States Attorney

_____/s/_____
Mercedeh Momeni
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 305-4851

*OF COUNSEL*:
Stephen Arthur Bailey, Esq.
CSOSA, General Counsel's Office
633 Indiana Avenue, NW
Washington, DC 20004

and

Rockne J. Chickinell, Esq.
U.S. Parole Commission
5550 Friendship Boulevard
Chavy Chase MD, 20815

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2007, I caused the foregoing *Reply in Support of Motion to Dismiss or in the Alternative for Summary Judgment* to be served on parties of record via ECF and *pro se* Plaintiff, postage prepaid, addressed as follows:

**JOHNNY RAY CHANDLER, SR.**
**R11977-007**
**PETERSBURG FEDERAL CORRECTIONAL CENTER**
**Medium**
**P.O. Box 90043**
**Petersburg, VA  23804**

　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　MERCEDEH MOMENI
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　555 4th Street, NW
　　　　　　　　　　　　　　　　　　Civil Division
　　　　　　　　　　　　　　　　　　Washington, DC 20530
　　　　　　　　　　　　　　　　　　(202) 305-4851
　　　　　　　　　　　　　　　　　　(202) 514-8780 (facsimile)