# PUBLIC DEFENDER SERVICE
## FOR THE DISTRICT OF COLUMBIA

BOARD OF TRUSTEES

CYNTHIA D. ROBBINS
  CHAIRPERSON
JOHN PAYTON
  VICE CHAIRPERSON
EMILIO W. CIVIDANES
CLAIRE M. JOHNSON
HANNAH JOPLING
LYDIA S. LIVELY
KARL A. RACINE
JEFFREY D. ROBINSON
DONALD R. VEREEN, JR.
JO-ANN WALLACE
ROBERT L. WILKINS

633 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20004

(202) 628-1200
(800) 341-2582

FAX (202) 824-2784

www.pdsdc.org

AVIS BUCHANAN
DIRECTOR

PETER KRAUTHAMER
DEPUTY DIRECTOR

November 3, 2006

Edward Reilly, Jr.
Chairman
Tiffani Wright, Case Analyst
U.S. Parole Commission
5550 Friendship Blvd
Chevy Chase, MD 20815

RE: Letter of Reconsideration for Johnny Ray Chandler, Fed Reg# 11977-007

Dear Commissioner Reilly:

This letter is submitted as a request for reconsideration of the recommendation from Hearing Examiner, Paul Howard in the case of Mr. Chandler. We are requesting a hearing that complies with the due process requirements outlined in <u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972) and the Parole Commission Regulations.

Case Background

Mr. Chandler was released from custody on June 3, 2005 and remained in the community without incident. Over a year later, on July 27, 2006 his supervision officer, Gregory Campos, submitted a report of alleged violations charging Mr. Chandler with four administrative violations. A warrant was issued on August 15, 2006 and on August 30, 2006 he was arrested on the parole violator's warrant.

A probable cause hearing was conducted on September 5, 2006 and a final revocation hearing was conducted on Monday, October 30, 2006. Mr. Paul Howard was the hearing examiner and, though Mr. Chandler was within the 8 – 12 months recommended guideline range, made a recommendation that Mr. Chandler serve 24 months in custody as a result of the alleged violation behavior. At this hearing we believe that several procedural errors occurred including the consideration of evidence that was not presented to counsel prior to the revocation hearing.

1



I.      Argument

<u>The USPC Cannot Rely on Documents Not Disclosed to Counsel</u>
<u>Prior to the Revocation Hearing in Determining Violation Behavior</u>

CSO Officers Matthew Kiely and Gregory Campos represented CSOSA at the final revocation hearing.  At the hearing references were made to documents, including the running record, which we were not provided through FOIA in advance of the hearing. We objected to the review and reliance on these documents pursuant to Title 28 C.F.R. § 2.103 (d) which provides that "all evidence upon which a finding of violation may be based shall be disclosed to the alleged violator before the revocation hearing".  Upon raising our objection Officer Kiely phoned agency officials and relayed that they indicated that when PDS has complaints about documents not received that we should raise such objections before the hearing.  First of all, it is often difficult to know what documents we have not received until the hearing has commenced and the CSO pulls out documents never before seen.  Secondly, FOIA responses are often received with little or no time for review prior to the hearing date.

The history of the instant case is as follows.  While Mr. Chandler was in the community a FOIA request was submitted on June 29, 2006 and a response which included approximately 313 pages was received on August 2, 2006.  We note that included in this response was the properly redacted running record from June 6, 2006 through January 20, 2006.  Subsequently, Mr. Chandler was arrested on the parole warrant and a second FOIA request was submitted on September 11, 2006.  We received a call from CSOSA FOIA Technician, Renee Barley reminding us that the initial request had been made and clarifying that we wanted documents to include the information subsequent to our first request.  On October 16, 2006 an email was forwarded to Ms. Barley reminding her of this phone call and notifying her that no documents had been received to date.  She agreed to forward the documents to us on that day.  We received the documents on or about October 18, 2006.  These documents, however, did not contain any of the running record from the file which was referenced by both Officer Campos and Officer Kiely during the hearing.  Officer Kiely also relied on a memo from GPS Technician Danielle Johnson which was the sole bases for the finding for violation charge #2 regarding the alleged tampering with the GPS device.  This information was also omitted from the FOIA documents received by counsel prior to the hearing.

The right of a defendant to receive and review evidence prior to an evidentiary hearing is a basic constitutional due process right that cannot be compromised.  In the context of a parole revocation hearing before the U.S. Parole Commission, this right is secured by statutory regulations and case law.

2

First, the regulations codified and promulgated by the U.S. Parole Commission require the disclosure of evidence prior to the revocation hearing. "*All evidence upon which a finding of violation may be based SHALL be disclosed to the alleged violator before the revocation hearing. Such evidence shall include the Community Supervision Officer's letter summarizing the parolee's adjustment to parole and requesting the warrant, all other documents describing the charged violation or violations of parole, and any additional evidence upon which the Commission intends to rely in determining whether the charges violation or violations, if sustained, would warrant revocation of parole…*"[1]. When the Commission initially promulgated regulations applicable to D.C. offenders, the pertinent provisions permitted evidence to be disclosed to the alleged violator "*at*" or before the revocation hearing.[2]  However, this particular provision was changed in order to comply with the order of United States District Court Judge Sullivan, which requires that all the evidence which the Commission intends to consider in determining whether a violation occurred and whether to revoke to be disclosed prior to the revocation hearing. Long v. Gaines, 167 F.Supp. 2d 75 (D.D.C., 2001). The court said "the parolee cannot rebut the evidence against him, if he does not know what the evidence is". Cite. In Long the Court determined that under Morrissey, the Commission was required to disclose to the parolee the evidence against him. This principle of full disclosure also includes any documents the Commission relies upon in formulating its revocation decision.

The Commission's Desk Book of Training and Reference Materials which supplements the Rules and Procedures Manual, further confirms that parolees have the right to disclosure of evidence prior to the revocation hearing.  It describes that "it would be a violation of the advance disclosure requirements to consider previously undisclosed documentary evidence without giving the parolee a fair opportunity to review the documents".[3]  The Commission has a longstanding history of recognizing their provisions requiring them to provide advance access to all evidence that may be used against a parolee.  Review 28 C.F.R. §2.50(d) (requiring disclosure at or before the revocation hearing of all evidence upon which the finding of violation may be based for federal prisoners and parolees), 28 C.F.R. § 2.55(a) (requiring sixty days advance notice for the processing of disclosure requests), and 28 C.F.R. § 2.216(e) (requiring disclosure of the evidence before the revocation hearing for persons on supervised release).

Additionally, the longstanding case which outlines due process rights of parolees at revocation hearings is Morrissey v. Brewer, 408 U.S. 471 (1972).  In that case the Supreme Court outlined the minimum requirements for due process at revocation hearings and included "disclosure to the parolee of evidence against him".  at page 9.  In

---

[1] 28 C.F.R. § 2.103 (d), Revocation Hearing Procedure, U.S. Parole Commission Rules and Procedures Manual, Subpart C – District of Columbia Code Prisoners and Parolees, page 175, August 15, 2003.

[2] 28 C.F.R. § 2.103(d), Revocation Hearing Procedure, U.S. Parole Commission Rules and Procedures Manual, Subpart C – District of Columbia Code Prisoners and Parolees, page 222, March 1, 2001.

[3] See Deskbook of Training and Reference Materials, Chapter Three- Objections at Revocation Hearings and other Procedural Issues, page 3.27.

3

the parole revocation context, due process requires disclosure to the parolee of the evidence against him. In U.S. ex rel. Carson v. Taylor, 540 F.2d 1156 (2d Cir. 1976), the court held that a parolee was denied due process when the examiners at his parole revocation hearing relied upon undisclosed evidence in deciding that parole should be revoked. See also Kell v. United States Parole Commission, 26 F.3d 1016 (1994) (in this case the court held that due process did not require advance disclosure of all the information the Commission might consider as a basis for exceeding the guidelines). When considering evidence for a finding of violation, this evidence must clearly be disclosed prior to the revocation hearing.

While parole hearings are not criminal trials, we conclude that the government must permit the defense to: "*inspect and copy photograph books, papers, documents, photographs, tangible objects, buildings or places...which are within the possession, custody or control of the government and which [1] are material to the preparation of the defense, [2] are intended for use by the government as evidence in chief at the trial, or [3] were obtained from or belong to the defendant*", Superior Court Criminal Rules 16(a)(1)(C). The Commission cannot fail to notify a parolee of their possession of such documentary evidence prior to the revocation hearing. It is difficult for a defendant to adequately prepare for his defense if he does not know what the evidence is. Failure to disclose evidence is a violation of due process.

This is precisely what occurred in the case involving Mr. Chandler in that repeated references were made to running records dated after January 2006 and the memorandum from the technician, neither of which were provided to counsel prior to the hearing. We also believe that the recommendation of Hearing Examiner Howard is severe and unreasonable in light of the fact that this is Mr. Chandler's first time on parole and his first time facing revocation.

On behalf of Mr. Chandler, we are requesting a new hearing that complies with the due process requirements.

Sincerely,

*Olinda Moyd*

Olinda Moyd
Attorney
Chief, Parole Division


Cc: Stephen Husk, Case Operations Administrator – USPC
    Johnny Ray Chandler