# PUBLIC DEFENDER SERVICE Exhibit A.
## FOR THE DISTRICT OF COLUMBIA

**BOARD OF TRUSTEES**

CYNTHIA D. ROBBINS
   CHAIRPERSON
JOHN PAYTON
   VICE CHAIRPERSON
EMILIO W. CIVIDANES
CLAIRE M. JOHNSON
HANNAH JOPLING
LYDIA S. LIVELY
KARL A. RACINE
JEFFREY D. ROBINSON
DONALD R. VEREEN, JR.
JO-ANN WALLACE
ROBERT L. WILKINS

633 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20004

(202) 628-1200
(800) 341-2582

FAX (202) 824-2784

www.pdsdc.org

AVIS BUCHANAN
DIRECTOR

PETER KRAUTHAMER
DEPUTY DIRECTOR

November 3, 2006

Edward Reilly, Jr.
Chairman
Tiffani Wright, Case Analyst
U.S. Parole Commission
5550 Friendship Blvd
Chevy Chase, MD 20815

RE: Letter of Reconsideration for Johnny Ray Chandler, Fed Reg# 11977-007

Dear Commissioner Reilly:

This letter is submitted as a request for reconsideration of the recommendation from Hearing Examiner, Paul Howard in the case of Mr. Chandler. We are requesting a hearing that complies with the due process requirements outlined in Morrissey v. Brewer, 408 U.S. 471 (1972) and the Parole Commission Regulations.

## Case Background

Mr. Chandler was released from custody on June 3, 2005 and remained in the community without incident. Over a year later, on July 27, 2006 his supervision officer, Gregory Campos, submitted a report of alleged violations charging Mr. Chandler with four administrative violations. A warrant was issued on August 15, 2006 and on August 30, 2006 he was arrested on the parole violator's warrant.

A probable cause hearing was conducted on September 5, 2006 and a final revocation hearing was conducted on Monday, October 30, 2006. Mr. Paul Howard was the hearing examiner and, though Mr. Chandler was within the 8 – 12 months recommended guideline range, made a recommendation that Mr. Chandler serve 24 months in custody as a result of the alleged violation behavior. At this hearing we believe that several procedural errors occurred including the consideration of evidence that was not presented to counsel prior to the revocation hearing.

1

First, the regulations codified and promulgated by the U.S. Parole Commission require the disclosure of evidence prior to the revocation hearing. "All evidence upon which a finding of violation may be based SHALL be disclosed to the alleged violator <u>before</u> the revocation hearing. Such evidence shall include the Community Supervision Officer's letter summarizing the parolee's adjustment to parole and requesting the warrant, all other documents describing the charged violation or violations of parole, and <u>any additional evidence upon which the Commission intends to rely in determining whether the charges violation or violations, if sustained, would warrant revocation of parole...</u>"[1]. When the Commission initially promulgated regulations applicable to D.C. offenders, the pertinent provisions permitted evidence to be disclosed to the alleged violator "<u>at</u>" or before the revocation hearing.[2] However, this particular provision was changed in order to comply with the order of United States District Court Judge Sullivan, which requires that all the evidence which the Commission intends to consider in determining whether a violation occurred and whether to revoke to be disclosed <u>prior to</u> the revocation hearing. <u>Long v. Gaines</u>, 167 F.Supp. 2d 75 (D.D.C., 2001). The court said "the parolee cannot rebut the evidence against him, if he does not know what the evidence is". Cite. In <u>Long</u> the Court determined that under <u>Morrissey</u>, the Commission was required to disclose to the parolee the evidence against him. This principle of full disclosure also includes any documents the Commission relies upon in formulating its revocation decision.

The Commission's Desk Book of Training and Reference Materials which supplements the Rules and Procedures Manual, further confirms that parolees have the right to disclosure of evidence prior to the revocation hearing. It describes that "it would be a violation of the advance disclosure requirements to consider previously undisclosed documentary evidence without giving the parolee a fair opportunity to review the documents".[3] The Commission has a longstanding history of recognizing their provisions requiring them to provide advance access to all evidence that may be used against a parolee. Review <u>28 C.F.R. §2.50(d)</u> (requiring disclosure at or before the revocation hearing of all evidence upon which the finding of violation may be based for federal prisoners and parolees), <u>28 C.F.R. § 2.55(a)</u> (requiring sixty days advance notice for the processing of disclosure requests), and <u>28 C.F.R. § 2.216(e)</u> (requiring disclosure of the evidence before the revocation hearing for persons on supervised release).

Additionally, the longstanding case which outlines due process rights of parolees at revocation hearings is <u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972). In that case the Supreme Court outlined the minimum requirements for due process at revocation hearings and included "disclosure to the parolee of evidence against him". at page 9. In

---

[1] 28 C.F.R. § 2.103 (d), <u>Revocation Hearing Procedure</u>, U.S. Parole Commission Rules and Procedures Manual, Subpart C – District of Columbia Code Prisoners and Parolees, page 175, August 15, 2003.
[2] 28 C.F.R. § 2.103(d), <u>Revocation Hearing Procedure</u>, U.S. Parole Commission Rules and Procedures Manual, Subpart C – District of Columbia Code Prisoners and Parolees, page 222, March 1, 2001.
[3] See Deskbook of Training and Reference Materials, Chapter Three- Objections at Revocation Hearings and other Procedural Issues, page 3.27.

3

First, the regulations codified and promulgated by the U.S. Parole Commission require the disclosure of evidence prior to the revocation hearing. "All evidence upon which a finding of violation may be based SHALL be disclosed to the alleged violator *before* the revocation hearing. Such evidence shall include the Community Supervision Officer's letter summarizing the parolee's adjustment to parole and requesting the warrant, all other documents describing the charged violation or violations of parole, and any additional evidence upon which the Commission intends to rely in determining whether the charges violation or violations, if sustained, would warrant revocation of parole..."¹. When the Commission initially promulgated regulations applicable to D.C. offenders, the pertinent provisions permitted evidence to be disclosed to the alleged violator "*at*" or before the revocation hearing.² However, this particular provision was changed in order to comply with the order of United States District Court Judge Sullivan, which requires that all the evidence which the Commission intends to consider in determining whether a violation occurred and whether to revoke to be disclosed prior to the revocation hearing. Long v. Gaines, 167 F.Supp. 2d 75 (D.D.C., 2001). The court said "the parolee cannot rebut the evidence against him, if he does not know what the evidence is". Cite. In Long the Court determined that under Morrissey, the Commission was required to disclose to the parolee the evidence against him. This principle of full disclosure also includes any documents the Commission relies upon in formulating its revocation decision.

The Commission's Desk Book of Training and Reference Materials which supplements the Rules and Procedures Manual, further confirms that parolees have the right to disclosure of evidence prior to the revocation hearing. It describes that "it would be a violation of the advance disclosure requirements to consider previously undisclosed documentary evidence without giving the parolee a fair opportunity to review the documents".³ The Commission has a longstanding history of recognizing their provisions requiring them to provide advance access to all evidence that may be used against a parolee. Review 28 C.F.R. §2.50(d) (requiring disclosure at or before the revocation hearing of all evidence upon which the finding of violation may be based for federal prisoners and parolees), 28 C.F.R. § 2.55(a) (requiring sixty days advance notice for the processing of disclosure requests), and 28 C.F.R. § 2.216(e) (requiring disclosure of the evidence before the revocation hearing for persons on supervised release).

Additionally, the longstanding case which outlines due process rights of parolees at revocation hearings is Morrissey v. Brewer, 408 U.S. 471 (1972). In that case the Supreme Court outlined the minimum requirements for due process at revocation hearings and included "disclosure to the parolee of evidence against him". at page 9. In

---

¹ 28 C.F.R. § 2.103 (d), Revocation Hearing Procedure, U.S. Parole Commission Rules and Procedures Manual, Subpart C - District of Columbia Code Prisoners and Parolees, page 175, August 15, 2003.
² 28 C.F.R. § 2.103(d), Revocation Hearing Procedure, U.S. Parole Commission Rules and Procedures Manual, Subpart C - District of Columbia Code Prisoners and Parolees, page 222, March 1, 2001.
³ See Deskbook of Training and Reference Materials, Chapter Three- Objections at Revocation Hearings and other Procedural Issues, page 3.27.

3