# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHNNY RAY CHANDLER, SR.** )<br>)<br>)<br>**Plaintiff** )<br>v.    )<br>)<br>)<br>**ANTHONY WILLIAMS, et al.,** )<br>)<br>**Defendants.** )<br>_____) | Civil Action No. 06-0664 (PLF)<br>(ECF) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## REQUEST FOR CASE TO BE HELD IN ABEYANCE

Federal Defendants, by and through undersigned counsel, respectfully submit this opposition to Plaintiff's Request for Case to be Held in Abeyance ("Request", Dk. No. 65).

### Background

Plaintiff has alleged violations of the Federal Tort Claims Act ("FTCA") by Federal Defendants in this matter. *See* Complaint, Dk. Nos. 1 and 4. On February 21, 2007, Federal Defendants, including the United States Parole Commission ("USPC" or the "Agency"), filed their Motion to Dismiss or in the Alternative for Summary Judgment ("MSJ").[1] *See* Dk. No. 32. In their supporting brief, Federal Defendants offered several reasons why Plaintiff's tort claims should be dismissed. *Id.,* pp. 13-19. One of the reasons offered by Federal Defendants for dismissal of the tort claims was that Plaintiff had failed to exhaust his administrative remedies. *Id.*, pp. 15-16.

### Argument

Now, some 16 months after Federal Defendants raised the issue of Plaintiff's failure to

---

[1] The MSJ has been fully briefed, and the parties await the Court's decision.

exhaust his administrative remedies, Plaintiff has filed a Request to hold this case in abeyance,[2] in an ostensible attempt to remedy that shortcoming, and to permit his complaint to go forward. Undersigned counsel has been advised by the USPC that on or about November 26, 2007, Plaintiff filed an administrative claim with the Agency, alleging that USPC is liable for the tort of "false accusation" (*see* Exh. 1).[3]

To be sure, Plaintiff's failure to exhaust is fatal to his tort claim and cannot be cured. *See Ficken v. Rice*, 2006 WL 123931 (D.D.C. 2006) ("Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." *Citing, Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999), and *Schneider v. Kissinger*, 310 F.Supp.2d 251, 269-70 (D.D.C. 2004)).  Moreover, there are at least three other reasons, as stated in Federal Defendants' MSJ, why the Plaintiff's tort claims should fail.  *See* MSJ, pp. 13-19.  Thus, allowing the Plaintiff to "cure" the lack of jurisdiction under the FTCA would be futile.  *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) (Lack of FTCA jurisdiction at the time case was filed is fatal.)  Finally, pursuant to Fed. R. Civ. P. 1, Federal Defendants are entitled to an expeditious resolution of the case. Accordingly, this litigation should not be held in abeyance.  Because the tort questions will likely be resolved in the Federal Defendants' favor, Plaintiff's current Request should be denied.

---

[2] This is not the first time Plaintiff has attempted to slow down this litigation, after Defendants had brought the case's deficiencies to light.  *See, e.g.*, Plaintiff's Motion to Hold in Abeyance, USDC Pacer, Doc. No. 39.

[3] Curiously, he filed another administrative complaint with the Agency on June 2, 2008, again claiming that he had been falsely accused.

**Conclusion**

WHEREFORE, Federal Defendants request that Plaintiff's Request be denied and that Federal Defendants' Motion to Dismiss or in the Alternative for Summary Judgment be granted.

Dated June 26, 2008.

                                                Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

\_\_\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2008, I caused the foregoing *Opposition to Plaintiff's Request for Case to be Held in Abeyance* to be served on parties of record via ECF and *pro se* plaintiff, postage prepaid, addressed as follows:

**JOHNNY RAY CHANDLER, SR.**
**R11977-007**
**U.S.P. Canaan**
**P.O. Box 300**
**Waymart, PA 18472**

                                                              /s/
                                        MERCEDEH MOMENI
                                        Assistant United States Attorney
                                        555 4th Street, NW
                                        Civil Division
                                        Washington, DC 20530
                                        (202) 305-4851
                                        (202) 514-8780 (facsimile)