UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 26 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JOHNNY RAY CHANDLER, SR. )
)
)
)
Plaintiff )
v. )
) Civil Action No. 06-0664 (PLF)
)
UNITED STATES PAROLE COMM'N, et al., )
)
Defendants. )
)

## STIPULATED PROTECTIVE ORDER

Johnny Ray Chandler ("Plaintiff") and the United States Parole Commission, et al. ("Defendants") (collectively, "the Parties") respectfully request entry of the attached Stipulated Protective Order to enable the exchange of documents and records that may otherwise be prohibited from disclosure. The parties anticipate seeking and/or disclosing personnel, medical, and other records that are likely to contain confidential information, including, but not limited to, personally identifiable information ("PII"), protected by the Privacy Act of 1974, 5 U.S.C. § 552a, the Health Insurance Portability and Accountability Act, and security sensitive or law enforcement sensitive information. In order to permit the Parties to discover and disclose information relevant to this case without disclosing confidential and security sensitive information to the general public, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties agree and it is hereby:

ORDERED that, pursuant to this Protective Order, the Defendant is authorized to release PII, information otherwise protected by the Privacy Act, and security sensitive or law enforcement sensitive information without obtaining prior written consent of the individuals to

whom such records pertain, provided that such information is reasonably related to this litigation. Nothing in the Protective Order is intended to limit or preclude in any way the Defendants' rights to access and review documents containing PII, Privacy Act information, security sensitive information, or law enforcement sensitive information.

IT IS FURTHER ORDERED, that the parties hereby stipulate to the entry of a Protective Order as follows:

Whenever the parties believe that formal or informal discovery in this case, in whatever form, may reveal or has revealed PII, information which may be within the scope of the provisions of the Privacy Act, or other types of confidential information, including security sensitive and law enforcement sensitive information, the following procedures shall be followed:

1. Counsel for the party producing records containing confidential, security sensitive, or law enforcement sensitive information shall designate the information as subject to this Protective Order by letter or by marking documents containing such information with the notation "CONFIDENTIAL" or "Subject to Protective Order." Upon request from the other party, counsel for the producing party will promptly explain its basis for designating material as being subject to the Protective Order.

2. The right of access to all records designated "CONFIDENTIAL" or "Subject to Protective Order" under this Protective Order (unless the parties have agreed otherwise or the Court enters an order permitting disclosure) shall be limited to the Plaintiff, employees of the United States who have a legitimate need to view the documents or information, counsel for the parties, consultants to the parties, paralegals or other assistants of counsel, expert witnesses in the parties' employ, court reporters, and any other person mutually authorized by all counsel to examine such materials. Any person having access to information subject to this Protective

Order shall be informed that it is Confidential and Subject to a Protective Order of the Court. The receiving party and its counsel shall not disclose any document designated as Confidential or Subject to this Protective Order beyond the individuals identified in this paragraph. Nor shall the receiving party and its counsel use documents designated as Confidential or Subject to Protective Order for any purpose other than this litigation.

3. Except as provided herein, no person having access to records designated as subject to this Protective Order shall reveal to any person not named in paragraph 2 any information contained in such material without further order of the Court or stipulation of the parties.

4. All but one copy of the documents and copies of documents designated as subject to this Protective Order shall be destroyed or returned to counsel for the producing party within sixty (60) days of the conclusion of all trial and appellate proceedings in this case at the request of the producing party. The portions of any documents created by Plaintiff and/or Plaintiff's counsel, containing confidential, security sensitive, or law enforcement sensitive information must be destroyed within 60 days of when this litigation is concluded. Plaintiff and Plaintiff's attorneys will certify to the United States that such documents have been destroyed. One copy of all confidential material may be maintained by counsel until the statute of limitations for legal malpractice has run.

5. Nothing contained in this Protective Order shall be construed as precluding Plaintiff or Defendant from introducing materials that are subject to this Order, or the contents thereof, into evidence at the trial of this case or using such documents during a deposition. If, however, these documents are to be used at trial, the Court may determine and direct at that time the extent to which confidentiality shall be protected. Documents designated as Confidential or

Subject to this Protective Order, if filed with the Court, shall be filed under seal. If documents designated as Confidential or Subject to this Protected Order are used in the course of a deposition, it is the responsibility of the party wishing to maintain that information's Confidential or protected status to designate portions of the deposition as Confidential and Subject to this Protective Order within 30 days of the deposition.

6. Any specific parts or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from counsel for the producing party or by an order of the Court. This Protective Order is without prejudice to the rights of either party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

7. This Protective Order is without prejudice to the rights of any party to seek from the Court the modification of this Protective Order. If either party disagrees with the other party's confidential designations and if the parties are unable to resolve the disagreement, the party opposing the designation may seek an order from the Court to remove the disputed material from the protection of this Protective Order. Until any such disagreement is adjudicated, the party in receipt of Confidential records, security sensitive or law enforcement sensitive information shall treat such information or documents in accordance with the terms of this Protective Order.

8. Nothing in this Protective Order shall entitle Plaintiff or Plaintiff's counsel to classified information.

9. This Protective Order does not constitute a ruling on the question of whether any particular record is discoverable or admissible.

      10. A party does not waive the attorney-client and/or work product privilege by inadvertently and/or mistakenly producing such documents. A party shall promptly return documents if opposing counsel informs them that privileged documents have been produced.

SO ORDERED.

Date: 10/26/11

_____
United States District Judge