UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHNNY RAY CHANDLER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0664 (PLF) |
| | ) | |
| UNITED STATES PAROLE COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

        The Court issued an Opinion and an accompanying Order on August 8, 2014, granting in part and denying in part Mr. Chandler's motion for summary judgment. Chandler v. U.S. Parole Comm'n, 60 F. Supp. 3d 205 (D.D.C. 2014); Order [Dkt. No. 162]. The Court granted summary judgment to Mr. Chandler on his Fifth Amendment procedural due process claim. See Chandler v. U.S. Parole Comm'n, 60 F. Supp. 3d at 214-24. The Court denied him summary judgment, however, on his claim brought under the Administrative Procedure Act, which was premised on the theory that the District of Columbia's Sex Offender Registration Act of 1999 "impliedly restricts USPC's authority to prescribe conditions of parole, when those conditions implicate the sex offender label or other conditions associated with that label." Id. at 213. The Court concluded that "there is no basis in the D.C. Code or elsewhere to draw such a connection between SORA and the separate statutory and regulatory provisions governing USPC's authority to prescribe conditions of parole." Id. at 213-14.

But given that the defendants had neither filed a cross-motion for summary judgment nor a motion to dismiss either or both of Mr. Chandler's claims, the Court did not enter judgment in favor of USPC with respect to the statutory claim, nor did it dismiss the claim. Chandler v. U.S. Parole Comm'n, 60 F. Supp. 3d at 214 & n.6. Notwithstanding the fact that no final judgment was entered in the case, both the defendants and Mr. Chandler (operating *pro se*, despite being represented by counsel) filed notices of appeal from the Court's Opinion and Order. See Defendants' Notice of Appeal (Oct. 7, 2014) [Dkt. No. 165]; Chandler's *Pro Se* Notice of Appeal (Sept. 19, 2014) [Dkt. No. 167]. The D.C. Circuit subsequently granted the defendants' motion to dismiss their appeal. See Order, No. 14-5255 (D.C. Cir. Oct. 29, 2014) [Dkt. No. 169]. And Mr. Chandler's *pro se* appeal recently was dismissed for lack of prosecution. See Order, No. 14-5264 (D.C. Cir. July 6, 2015).

In view of this procedural history, the Court will direct the parties to meet and confer, and then to file a joint status report setting forth their respective views on how the remainder of this case should proceed. The parties' joint status report shall specifically address the disposition of Mr. Chandler's statutory claim, as to which judgment was denied to Mr. Chandler, yet which has not been formally resolved. Accordingly, it is hereby

ORDERED that the parties shall meet and confer, and that, on or before September 4, 2015, they shall file a joint status report addressing these issues.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: August 21, 2015                                   United States District Judge